UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHEILA HARRIS,

    Plaintiff,

v.                                      Case No. 07-11932
                                        Honorable Patrick J. Duggan

LENAWEE COUNTY,

    Defendant.
_____/

**OPINION AND ORDER**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on December 4, 2007.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                   U.S. DISTRICT COURT JUDGE

Plaintiff initiated this action following her February 2, 2002 termination as the secretary to Lenawee County Probate Court Judge Margaret Noe. Plaintiff alleges that her termination violated the Fifth and Fourteenth Amendments to the United States Constitution because she was entitled to a pre-termination hearing. She seeks a declaratory judgment as to the following: (a) that she was entitled to a pre-termination hearing pursuant to *Cleveland Board of Education v. Loudermill*, 470 U.S. 532 (1985); (b) that her termination was not lawful until January 26, 2007, when a post-termination "meeting" was conducted; (c) that her January 30, 2006 appeal of the decision at the post-termination meeting was timely; and (d) that Defendant is liable for the cost of arbitration. As relief in this action, Plaintiff asks the Court to order Defendant to process her appeal

through the grievance stages set forth in its personnel handbook, including through arbitration. Presently before the Court is Plaintiff's Motion to Remove [the] Case from [the] Trial Docket and [to] Permit [the] Filing of [a] First-Amended Complaint, filed October 10, 2007.

      Plaintiff filed the pending motion in response to Defendant's assertion on September 19, 2007, that Plaintiff was not a Lenawee County employee.[1] In her motion, Plaintiff seeks leave to add as a defendant the State of Michigan, which created and operates the Lenawee County Probate Court. Defendant filed a response to Plaintiff's motion on October 24, 2007, arguing that the motion should be denied because naming the State of Michigan or the Lenawee County Probate Court is futile. Defendant argues that both entities are entitled to Eleventh Amendment immunity. In a reply filed on November 21, 2007, Plaintiff appears to withdraw her request to add the State as a defendant and instead seeks to add Judge Noe: "The arguments made by Defendant are well-taken. Thus Plaintiff, instead, requests that leave be granted to add Judge Margaret Noe, as a party Defendant in this action." (Pl.'s Reply at 2.) Plaintiff argues that the Eleventh Amendment does not shield Judge Noe from Plaintiff's request for prospective relief. (*Id.*) In the meantime, this Court issued a notice on November 5, 2007, informing the parties that it is dispensing with oral argument with respect to Plaintiff's motion

---

[1] Currently pending before the Court is Defendant's motion for summary judgment in which Defendant argues *inter alia* that Plaintiff was not a Lenawee County employee. The Court will address Defendant's motion in a separate opinion and order.

pursuant to Eastern District of Michigan Local Rule 7.1(e)(2).

As Plaintiff apparently no longer seeks to add the State of Michigan as a defendant, the Court will not address whether such an amendment would have been futile due to Eleventh Amendment immunity. With respect to Plaintiff's request for leave to add Judge Noe as a defendant, Plaintiff only made this request in her reply brief. "[I]t is well-settled that a party may not raise new issues for the first time in a reply brief." *Resolution Trust Corp. v. Townsend Assoc. Ltd. P'ship*, 840 F. Supp. 1127, 1142 n.15 (E.D. Mich. 1993) (citing *United States v. Jenkins*, 871 F.2d 598, 602 n.3 (6th Cir. 1989)). This well-settled rule generally is invoked where a party raises a new argument in support of the party's motion in its reply brief; however, the rule clearly also applies where a party completely changes in its reply brief the relief that it originally sought in its motion. In either context, the opposing party has not had an opportunity to respond to the movant's request.

Accordingly,

**IT IS ORDERED**, that Plaintiff's Motion to Remove [the] Case from [the] Trial Docket and Permit [the] Filing of [a] First-Amended Complaint is **DENIED**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Michael L. Pitt, Esq.
Cynthia Reach, Esq.